Marc R. Ascolese, <mascolese@sidley.com> (Bar No. 251397)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

*Counsel for Plaintiff eBay Inc.*

NOTE: Additional counsel listed on signature page

FILED
2010 NOV 10 P 3:40
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PVT

CV10 5106

| | |
|---|---|
| eBay Inc., *Plaintiff*, vs. PartsRiver, Inc. and Kelora Systems, LLC, *Defendants*. | Case No. CV10 5106<br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br>**DEMAND FOR JURY TRIAL**<br>Date: November 10, 2010 |

Plaintiff eBay Inc. alleges as follows:

**THE PARTIES**

1. Plaintiff eBay Inc. ("eBay") is a Delaware corporation having its principal place of business at 2065 Hamilton Avenue, San Jose, CA 95125.

2. On information and belief, Defendant PartsRiver, Inc. ("PartsRiver") is a Delaware corporation having its principal place of business at 3155 Kearney Street, Suite 210, Fremont, CA 94538.

3. On information and belief, Defendant Kelora Systems, LLC ("Kelora") is a Delaware limited liability company having its principal place of business at 19925 Stevens Creek Boulevard, Suite 100, Cupertino CA 95014.

**NATURE OF THE ACTION**

4. This is a declaratory judgment action seeking a determination that eBay does not infringe at least reexamined claims 1 and 2 of U.S. Patent No. 6,275,821 under 35 U.S.C. § 271; that at least reexamined claims 1 and 2 of this patent are invalid under at least 35 U.S.C. §§ 102, 103, 112, and/or 305; and/or that eBay has intervening rights to at least reexamined claims 1 and 2 of this patent under 35 U.S.C. §§ 252 and 307(b).

**JURISDICTION AND VENUE**

5. On information and belief, this Court has personal jurisdiction over PartsRiver because PartsRiver is doing business in, and has its principal place of business in, this Judicial District at 3155 Kearney Street, Suite 210, Fremont, CA 94538.

6. On information and belief, this Court has personal jurisdiction over Kelora because Kelora is doing business in, and has its principal place of business in, this Judicial District at 19925 Stevens Creek Boulevard, Suite 100, Cupertino CA 95014.

7. This Court has subject matter jurisdiction over eBay's causes of action asserted here pursuant to 28 U.S.C.§ 1331 and 1338(a), because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

**INTRADISTRICT ASSIGNMENT**

9. Pursuant to Civil Local Rule 3-2(c), this is an Intellectual Property Action that normally would be assigned on a district-wide basis. However, under Civil L.R. 3-12, this action is related to *PartsRiver, Inc., v. Shopzilla, Inc., et al.,* No. 4:09-cv-00811-CW ("the PartsRiver lawsuit") and thus should be assigned to Judge Wilken in the Oakland Division.

**FACTUAL BACKGROUND**

10. U.S. Patent No. 6,275,821 ("the '821 patent"), is entitled "Method and System for Executing a Guided Parametric Search," and originally issued August 14, 2001.

11. The '821 patent expires on October 14, 2014.

12. On information and belief, PartsRiver is and/or was the owner by assignment of the '821 patent.

13. On information and belief, Kelora is the owner by assignment of the '821 patent.

14. The first-named inventor of the '821 patent is Mohamed Sherif Danish ("Sherif Danish").

15. Sherif Danish lives in Cupertino, California.

16. Sherif Danish has referred to the '821 patent as the "Step Search" patent.

17. On information and belief, after PartsRiver acquired ownership of the '821 patent, Sherif Danish encouraged PartsRiver to enforce the '821 patent.

18. For example, in August 2006, Sherif Danish wrote to Horacio Woolcott, the CEO of PartsRiver:

> Horacio,
>
> As promised, here is a partial list of companies that infringe on the Step Search patent.
>
> Sherif
>
> www.yahoo.com
> www.circuitcity.com
> www.officedepot.com
> http://www.newark.com/
> http://catalog.graybar.com/
> bhinone.farnell.com/
> http://www.gcs.com/

19. In April 2007, Sherif Danish identified for PartsRiver the following companies as alleged "infringers" of the '821 patent:

| **Portals** |
|---|
| 1) Yahoo |
| 2) Amazon |
| 3) Ebay |
| 4) Google |
| 5) MSN |
| |
| **Software Search Vendors** |
| 1) Endeca Technologies |
| 2) Fast Search & Transfer |
| 3) IBM |
| 4) Autonomy |
| 5) Entopia |
| 6) Convera |
| 7) Microsoft |
| 8) Google |
| 9) Coveo |
| 10) dtSearch |
| 11) Dieselpoint |
| 12) Exalead |
| 13) InQuira |
| 14) Inxight Software |
| 15) ISYS Software |
| 16) Kaidara Software |
| 17) Knova Software |
| 18) Mercado |
| 19) Nervana |
| 20) Open Text |
| 21) Oracle |
| 22) PolySpot |
| 23) Progress Software |
| 24) Recommind |

| | |
|---|---|
| 25) S. L. I. Systems | |
| 26) Thunderstone | |
| 27) Vivisimo | |
| 28) WCC | |
| 29) WebSide Story | |
| 30) X1 Technologies | |
| 31) ZyLab | |
| | |
| **Retailers** | |
| Best Buy | |
| Circuit City | |
| 10000 Others | |

20. On information and belief, pursuant to a consulting agreement effective August 1, 2007, Sherif Danish agreed to help PartsRiver enforce the '821 patent in exchange for $10,000 per month for the term of the agreement, plus 10% of the first $100 million received as a result of any licenses, settlements, or judgments involving the '821 patent.

21. On October 3, 2007, PartsRiver filed a civil action in the Eastern District of Texas (No. 2:07-cv-440-DF) alleging that the following companies infringe the '821 patent: Shopzilla, Inc.; ValueClick, Inc.; PriceRunner Limited; Yahoo!, Inc.; PriceGrabber.com, Inc.; eBay Inc.; and Microsoft Corporation.

22. Claim 2 of the '821 patent depends from claim 1.

23. On February 18, 2008, PartsRiver contended that the following websites are operated by eBay and utilize search processes or methods which infringe upon both claims 1 and 2 of the '821 patent:

www.shopping.com

http://fr.shopping.com

http://de.shopping.com

http://uk.shopping.com

http://au.shopping.com

www.dealtime.com

www.dealtime.com.uk

www.ugenie.com

www.epinions.com

www.pricetool.com

www.express.ebay.com

24. On December 22, 2008, the United States Patent and Trademark Office ("USPTO") determined that there was a substantial new question of patentability affecting claims 1 and 2 of the '821 patent and thus ordered an *ex parte* reexamination of those claims (Reexamination Control No. 90/009,316).

25. On January 30, 2009, the Court in the Eastern District of Texas determined that "the Northern District of California would clearly be a more convenient venue" and thus transferred PartsRiver's action to this Court, where it was assigned to Judge Wilken as Civil Action No. 4:09-cv-00811-CW.

26. On May 28, 2009, eBay, along with other defendants in that case, filed with Judge Wilken a motion for summary judgment of non-infringement and invalidity of claims 1 and 2 of the '821 patent.

27. On June 18, 2009, an Examiner at the USPTO issued an Office Action finally rejecting claims 1 and 2 of the '821 patent under 35 U.S.C. § 102(b) as being clearly anticipated by Granacki et al., *A Component Library Management System and Browser*, ISI Research Report, ISI/RR-93-386, USC/Information Sciences Institute, April, 1993.

28. On August 21, 2009, Judge Wilken granted summary judgment that claims 1 and 2 of the '821 patent were invalid under 35 U.S.C. § 102(b) due to the on-sale bar.

29. On September 18, 2009, PartsRiver appealed the Examiner's final rejection of claims 1 and 2 to the Board of Patent Appeals and Interferences ("BPAI").

30. On September 18, 2009, PartsRiver appealed Judge Wilken's summary judgment of invalidity to the United States Court of Appeals for the Federal Circuit.

31. The notice of appeal that PartsRiver filed on September 18, 2009, was signed by the firm Manatt, Phelps & Phillips, LLP.

32. On January 29, 2010, PartsRiver filed a brief in the Federal Circuit arguing that Judge Wilken's summary judgment of invalidity should be reversed.

33. The brief that PartsRiver filed in the Federal Circuit was signed by Manatt, Phelps & Phillips, LLP.

34. On April 14, 2010, eBay, along with other defendants in that case, filed a brief in the Federal Circuit arguing that Judge Wilken's summary judgment of invalidity should be affirmed.

35. On May 20, 2010, while its appeal before the BPAI was pending, PartsRiver requested entry of an amendment to claim 1, as well as entry of a new claim 9. In its remarks accompanying the amendment, PartsRiver stated:

> The amendment of claim 1 presented herein adjusts the claim language of claim 1 to correspond to that of allowed claim 9.[ ] Claim 1 is now believed to reflect, albeit explicitly, the legal scope of claim 1 as previously issued. As such, although the text of claim 1 has been altered by amendment, the claim scope is legally identical to that of originally issued claim 1. This change in language has been adopted for the sole purpose of terminating the present reexamination to avoid lengthy appeal proceedings.

36. On June 24, 2010, the Examiner dismissed the appeal to the BPAI and issued a Notice of Intent to Issue Reexamination Certificate ("NIRC") stating that the amended claim 1 and the new claim 9 were allowable.

37. On June 29, 2010, the domain name "KELORA.COM" was registered.

38. Sherif Danish in Cupertino, California was listed as the "Technical Contact" and the "Administrative Contact" for "KELORA.COM."

39. The webpage at http://www.kelora.com/ includes the following statement: "Kelora develops the most advanced product search technologies. Our patented, award winning Step Search ® technology is the industry norm for narrowing search results."

40. The webpage at http://www.kelora.com/Contact_US.html provides the following contact information:

> Kelora Systems LLC
> 19925 Stevens Creek Blvd #100
> Cupertino, CA 95014
> 408-518-2055

41. On September 28, 2010, Kelora was formed as a Delaware limited liability company.

42. As of November 10, 2010, the assignment from PartsRiver to Kelora has not been made available to the public.

43. As of the filing of this pleading, a document of assignment from PartsRiver to Kelora has not been made available to the public.

44. Neither PartsRiver, Kelora, nor the attorneys from Manatt, Phelps & Phillips, LLP ever disclosed to eBay that any rights in the '821 patent had been assigned to Kelora.

45. On October 15, 2010, PartsRiver filed a motion in the Federal Circuit to dismiss its appeal and to vacate Judge Wilken's judgment of invalidity.

46. The motion that PartsRiver filed in the Federal Circuit was signed by Manatt, Phelps & Phillips, LLP.

47. The motion that PartsRiver filed in the Federal Circuit did not mention Kelora.

48. On October 22, 2010, eBay, along with other defendants in that case, filed a brief opposing PartsRiver's motion to vacate Judge Wilken's judgment of invalidity.

49. On October 27, 2010, PartsRiver filed a reply brief in the Federal Circuit in support of its motion to dismiss the appeal and to vacate Judge Wilken's judgment of invalidity.

50. The reply brief that PartsRiver filed in the Federal Circuit was signed by Manatt, Phelps & Phillips, LLP.

51. The reply brief that PartsRiver filed in the Federal Circuit did not mention Kelora.

52. On November 2, 2010, the USPTO issued a reexamination certificate for the '821 patent reflecting: the allowed amendment to claim 1, the confirmation of unamended dependent claim 2, and the allowed new claim 9.

53. The reexamination certificate lists PartsRiver as the assignee.

54. On information and belief, PartsRiver contends that the scope of reexamined claims 1 and 2 of the '821 patent is legally identical to that of originally issued claims 1 and 2 of the '821 patent.

55. On information and belief, Kelora likewise contends that the scope of reexamined claims 1 and 2 of the '821 patent is legally identical to that of originally issued claims 1 and 2 of the '821 patent.

56. On November 8, 2010, Kelora filed a civil action in the Western District of Wisconsin (No. 3:10-cv-683-SLC) alleging that the following companies infringe the '821 patent:

Target Corporation; OfficeMax Incorporated; ShopKo Stores Operating Co., LLC; Briggs & Stratton Corporation; Chelsea & Scott, Ltd., d/b/a One Step Ahead & Leaps And Bounds; National Business Furniture, LLC' BuyOnlineNow, Inc.; Rockler Companies, Inc.; IDW, LLC, d/b/a ID Wholesaler; 1-800-Flowers.com, Inc.; PC Connection, Inc.; Eastbay, Inc.; and Mason Companies, Inc., d/b/a Maryland Square.

57. Kelora included the following allegation in its complaint in the Western District of Wisconsin: "Kelora is the owner by assignment of all right, title and interest in U.S. Patent No. 6,275,821 (''821 patent'), entitled, 'Method and system for executing a guided parametric search,' which was duly and properly issued by the U.S. Patent & Trademark Office on August 14, 2001."

58. Kelora included the following allegation in its complaint in the Western District of Wisconsin: "Defendants, and each of them, have infringed and continue to infringe the '821 patent by, inter alia, making and using parametric search systems, including web-based parametric search systems, and performing parametric searches that infringe the '821 patent."

59. The complaint filed by Kelora in the Western District of Wisconsin lists Manatt, Phelps & Phillips, LLP as attorneys for Kelora in that action.

60. Based on the foregoing, there is a substantial controversy between (i) PartsRiver and/or Kelora and (ii) eBay, of sufficient immediacy and reality, to warrant the issuance of a declaratory judgment with respect to non-infringement, invalidity, and/or intervening rights with respect to at least reexamined claims 1 and 2 of the '821 patent.

**COUNT I**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT**

61. eBay repeats and incorporate by reference the allegations of paragraphs 1–60 in their entirety.

62. eBay has not infringed, and is not now infringing, at least reexamined claims 1 and 2 of the '821 patent.

**COUNT II**

**DECLARATORY JUDGMENT OF INVALIDITY**

63. eBay repeats repeat and incorporate by reference the allegations of paragraphs 1–60 in their entirety.

64. At least reexamined claims 1 and 2 of the '821 patent are invalid.

**COUNT III**

**DECLARATORY JUDGMENT OF INTERVENING RIGHTS**

65. eBay repeats repeat and incorporate by reference the allegations of paragraphs 1–60 in their entirety.

66. The scope of reexamined claim 1 of the '821 patent is not legally identical to the scope of any original claim of the '821 patent.

67. The scope of reexamined claim 2 of the '821 patent is not legally identical to the scope of any original claim of the '821 patent.

68. Under 35 U.S.C. § 252, ¶ 1 & § 307(b), PartsRiver may not bring an action against eBay for causes arising before November 2, 2010, with respect to at least reexamined claims 1 and 2 of the '821 patent.

69. Under 35 U.S.C. § 252, ¶ 1 & § 307(b), Kelora may not bring an action against eBay for causes arising before November 2, 2010, with respect to at least reexamined claims 1 and 2 of the '821 patent.

70. Under 35 U.S.C. § 252, ¶ 2 & § 307(b), eBay is entitled to absolute intervening rights with respect to at least reexamined claims 1 and 2 of the '821 patent.

71. Under 35 U.S.C. § 252, ¶ 2 & § 307(b), eBay is entitled to equitable intervening rights for the protection of investments made or business commenced before November 2, 2010, with respect to at least claims 1 and 2 of the '821 patent.

**PRAYER FOR RELIEF**

**WHEREFORE**, eBay prays for the following relief:

A. A declaration that eBay has not infringed and is not infringing at least reexamined claims 1 and 2 of the '821 patent;

B. A declaration that at least reexamined claims 1 and 2 of the '821 patent are invalid;

C. A declaration that PartsRiver may not bring an action against eBay for causes arising before November 2, 2010, with respect to at least reexamined claims 1 and 2 of the '821 patent;

D. A declaration that Kelora may not bring an action against eBay for causes arising before November 2, 2010, with respect to at least reexamined claims 1 and 2 of the '821 patent;

E. A declaration that eBay is entitled to absolute intervening rights with respect to at least reexamined claims 1 and 2 of the '821 patent;

F. A declaration that eBay is entitled to equitable intervening rights with respect to at least reexamined claims 1 and 2 of the '821 patent;

G. An order declaring that eBay is a prevailing party and that this is an exceptional case, awarding eBay its costs, expenses, disbursements, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

H. That PartsRiver and/or Kelora be ordered to pay all costs associated with this action; and

I. That eBay be granted such other and additional relief as the Court deems just and proper

Dated: November 10, 2010

By: [signature]

Marc R. Ascolese (Bar No. 251397)
<mascolese@sidley.com>
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

David T. Pritikin
<dpritikin@sidley.com>
Richard A. Cederoth
<rcederoth@sidley.com>
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Theodore W. Chandler (Bar No. 219456)
<tchandler@sidley.com>
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

<SF-PartsRiver-MS-eBay@sidley.com>

*Counsel for Plaintiff eBay Inc.*